# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

JONATHAN WALLACE,

        Plaintiff,

    v.

RODERIC NOHILLY, et al.,

        Defendants.

CIVIL ACTION NO.: 2:25-cv-43

## O R D E R

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

## PLAINTIFF'S CLAIMS[2]

Plaintiff brings this claim under § 1983, alleging Defendants violated his constitutional rights while held as a pre-trial detainee at Glynn County Detention Center.  Doc. 1.  Plaintiff alleges he was "sentenced to 30 days in the institution's disciplinary dorm" but was then charged with another offense, "violated for charges" and held again "to be revo[ked] twice for the same charges on probation."  Id. at 6.  It appears from the Complaint that, while held as a pre-trial

---

[1]     Plaintiff has consented to the undersigned's plenary review.  Docs. 3, 5.

[2]     All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

detainee, he was indicted on new charges that also affect his status on probation. Plaintiff alleges that this constitutes double jeopardy. Id.

Plaintiff alleges that Defendants violated his speedy trial rights, his rights under the applicable statute of limitations, and his constitutional due process and double jeopardy rights. Id. at 12. Plaintiff seeks termination of Defendants' employment, that the charges against him be dropped, and monetary damages. Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a

complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

## I.    Plaintiff's Claims for Injunctive Relief

Plaintiff's claims appear to be directly related to state court criminal prosecutions against him. Doc. 1. Plaintiff's requests injunctive relief in the form of dismissal of charges against him and the termination of Defendants' employment. Id. at 6.

In seeking dismissal of criminal charges, Plaintiff is asking the Court to intervene in a state court criminal prosecution. Federal courts should not intervene in ongoing state criminal proceedings, except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37, 44–46 (1971); see also Newsome v. Broward Cnty. Pub. Defenders, 304 F. App'x 814, 816 (11th Cir. 2008) ("[F]ederal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding."). In Younger, the United States Supreme Court reaffirmed "the settled doctrines" and "longstanding public policy" federal courts should not intervene in an ongoing state criminal prosecution "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 49–50. Plaintiff has not provided any reason why he would be unable to raise his federal constitutional claims in the state courts, and without extraordinary circumstances justifying this Court's intervention, abstention would ordinarily be appropriate. Therefore, Plaintiff's claims for injunctive relief should be dismissed without prejudice. See Jackson v. Georgia, 273 F. App'x 812, 813–14 (11th Cir. 2008) (affirming sua sponte dismissal

under § 1915A due to <u>Younger</u>-abstention); <u>Smith v. Mercer</u>, 266 F. App'x 906, 908 (11th Cir. 2008) (noting that "[a] dismissal pursuant to the <u>Younger</u>-doctrine is without prejudice, and does not preclude later re-filing of the complaint").

In addition, the Court cannot order the termination of sheriff's deputies' employment. Under Georgia law, the sheriff has the exclusive authority to hire and fire deputies.  O.C.G.A. § 15-16-23.  Further, the authority to hire and fire sheriff's deputies is a state prerogative over which federal courts typically have no authority.  <u>See</u> <u>Newman v. Alabama</u>, 559 F.2d 283, 288 (5th Cir. 1977) (finding that a federal court has no "authority to address state officials out of office or to fire state employees"), <u>rev'd in part on other grounds,</u> 438 U.S. 781 (1978).  The decision to fire deputies, therefore, rests with the county sheriff, not this Court.

Accordingly, I **DISMISS** Plaintiff's claims for injunctive relief.

## II.    Plaintiff's Claims for Monetary Damages

Plaintiff also brings claims for monetary damages for "mental anguish and psychological torture."  Doc. 1 at 6.  However, as Plaintiff has not named a proper Defendant, these claims are also due for dismissal.

Plaintiff names as a Defendant the Glynn County Sheriff's Office.  Doc. 1 at 3.  To prevail on a civil rights action under § 1983, a plaintiff must show he was deprived of a federal constitutional right by a person acting under color of state law.  <u>Strange v. JPay Corp.</u>, No. 19-15154, 2020 WL 3547931, at *2 (11th Cir. June 9, 2020) (citing <u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir. 2001)); <u>see also</u> <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1582 (11th Cir. 1995).  Defendant Glynn County Sheriff's Department is not a legal entity subject to suit under § 1983.  <u>Lawal v. Fowler</u>, 196 F. App'x 765, 768 (11th Cir. 2006) (finding sheriff's departments are not usually entities subject to suit in Georgia under § 1983).

Plaintiff also seeks to sue Glynn County sheriff's deputy Roderic Nohilly and Brunswick Department of Community Supervision Officer Sherad Sarage.  Doc. 1 at 2–3.  The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  As to Defendants Nohilly and Sarage, Plaintiff fails to describe how these Defendants were involved in any purported violation of his constitutional rights.  Plaintiff only names these Defendants in the caption and does not provide any factual allegations against them.  Doc. 1 at 2–3.

For these reasons, Defendants Glynn County Sheriff's Department, Nohilly, and Sarage are not proper Defendants in a § 1983 action.  I **DISMISS** Plaintiff's claims for monetary damages against them.

## III.    Leave to Appeal *in Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United

States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, I **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 14th day of July, 2025.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA